IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, :

        :  Case No. 1808018837

v.       :  Kent County

        :

GREGORY L. HIXON, :

        :

   Defendant.  :


Submitted: April 8, 2019
Decided: May 23, 2019

## ORDER

Defendant's Motion for Bill of Particulars.
*Denied.*


Lindsay A. Taylor, Esquire of the Department of Justice, Dover, Delaware; attorney for the State.

Edward C. Gill, Esquire of the Law Office of Edward G. Gill & Associates, Georgetown, Delaware; attorney for the Defendant.


WITHAM, R.J.

## INTRODUCTION

Before the Court is Defendant Gregory Hixon's (hereinafter "Defendant") Bill of Particulars pertaining to evidence seized as the result of a traffic stop conducted by Delaware State Police.[1] After carefully considering the motion, the State's response in opposition, and record, it appears to the Court that:

1. The Court incorporates its factual findings per its May 23, 2019 order pertaining to Defendant's Motion to Suppress based on the vehicle stop.[2]

2. After Defendant fled the traffic stop conducted by Tfc. Solda, Tfc. Osgood observed the Maxima (Defendant's vehicle) and attempted to initiate a traffic stop. The Maxima fled that attempt by running a stop light, illegally passing another vehicle, and speeding between 100 - 120 mph.

3. Defendant was next spotted by Cpl. Dukes, who observed the Maxima stop in the north parking lot of the Attorney General's Office in Downtown Dover.

4. On March 29, 2019, Defendant filed an untimely motion for a bill of particulars,[3] but the Court permitted the motion despite its untimeliness.[4] The State provided its response, in opposition, on April 8, 2019.

---

[1] The Court's order only considers Defendant's bill of particulars motion.

[2] The Court will also supplement those factual findings with further findings that were not relevant to that previous decision.

[3] D. Mot. for Bill of Particulars (hereinafter "D. Mot.").

[4] Defendant's motion was accompanied by a Motion to File Out of Time that was unopposed by the State.

5. Defendant seeks certain information from the State pertaining to Defendant.[5] Defendant asserts, despite failing to cite any case law or statutory authority in support, nor the precise way that the bill of particulars would aid his defense, the requested information would permit Defendant to properly defend himself, protect him from double jeopardy, and aid the jury in understanding the State's allegations.[6]

6. In response, the State argues the requested information has already been provided to Defendant in the form of police reports and MVR footage. Those resources, the State contends, depict the offenses that Defendant was charged. The State further asserts that Defendant's purpose in seeking the bill of particulars is purely conclusory, and that he has further failed to elaborate how the information would alleviate any perceived issues.[7]

7. For the reasons stated below, the Court finds no sufficient grounds to grant Defendant's motion and thus, the motion is denied.

---

[5] Defendant seeks: (1) the location where Defendant possessed a controlled substance in reference to Counts 1-12 and 15; (2) the audible or visual signal that Defendant disregarded pertaining to Count 13; (3) physical evidence that Defendant attempted to suppress and the act of concealment and/or destruction that Defendant committed pertaining to Count 14; (4) drug paraphernalia that Defendant possessed, and the location where it was possessed pertaining to Count 18; (5) the locations where Defendant improperly signaled, changed lanes, and improperly passed on the right hand side pertaining to Counts 22-24; (6) the location where the Defendant operated the vehicle at an unreasonable speed pertaining to Count 25; and (7) the location where Defendant failed to stop at a red light pertaining to Count 27.

[6] D. Mot. at ¶ 3.

[7] St. Reply to D. Mot. (hereinafter "St. Reply") at ¶ 3.

## DISCUSSION

8. An indictment provides a defendant with a plain statement of the essential facts that constitute the offense(s) charged, giving notice of what is being called upon to defend, and to prevent subsequent prosecutions for the same offense.[8] This purpose is fulfilled if the indictment contains a plain statement of the essential facts constituting the offense charged.[9]

9. A bill of particulars, on the other hand, provides supplemental information to an indictment and serves as an additional safeguard protection for a defendant against unfair surprises at trial and double jeopardy.[10]

10. The Court has broad discretion to order the production of a bill of particulars,[11] but also recognizes that it does not serve as a discovery device or in any other way circumvents the rules governing discovery.[12] The Court will not require the State to provide a defendant a bill of particulars when the information sought is: (1)

---

[8] Super. Ct. Crim. R. 7(c)(1); *see also State v. Adgate*, 2014 WL 3317968, at *3 (citing *Corbin v. State*, 711 A.2d 1227, 1998 WL 188562, at *2 (Del. 1998) (Table)).

[9] *Adgate*, 2014 WL 3317968, at *3 (citing *Corbin*, 1998 WL 188562, at *2).

[10] *State v. Phillips*, 2004 WL 909557, at *2 (Del.Super. Apr. 21, 2004) *(citing Lovett v. State*, 516 A.2d 455, 467 (Del. 1986)).

[11] Super Ct. Crim. R. 7(f); *see also Phillips*, 2004 WL 909557, at *3; (citing *State v. Banther*, 1998 WL 283476, at *1 (Del. Super. Apr. 2, 1998)).

[12] *Phillips.* 2004 WL 909557, at *3 (citing *State v. Goldsborough*, 2000 WL 706790, at *2 (Del. Super. Feb. 10, 2000)).

otherwise available to a defendant[13] or (2) not an essential element of a charged offense.[14]

11. In *Corbin*, the Delaware Supreme Court found when an indictment contained the official citation to the statute, the name of the offense, and clearly stated that the defendant was being charged with a specific crime, the indictment was sufficient to give notice of the offense and the allegations of the State.[15]

12. In this case, a review of the December 3, 2018 indictment reveals all of the required information pursuant to *Corbin*. Additionally, the State supplemented the indictment and provided Defendant a copy of the police reports and the MVR footage taken from the officer's patrol car. Both these resources have been reviewed by the Court, and the Court finds that these resources sufficiently provide additional details relating to Defendant's case. As such, the Court finds that Defendant has been provided sufficient notice.[16]

13. As a result, the Court finds no sufficient grounds that warrant the State to

---

[13] *Banther*, 1998 WL 283476, at *1.

[14] *Goldsborough*, 2000 WL 706790, at *3.

[15] *Corbin*, 1998 WL 188562, at *2 (Supreme Court also found that Corbin's indictment challenge was waived due to failure to raise the issue prior to trial.).

[16] *See State v. Gregory Hixon*, No. 1808018837, December 3, 2018 (Indictment) (Indictment was signed by a Delaware Deputy Attorney General and specified: (1) Defendant's name; (2) the charged crime associated with the specific count number including its statutory codification; (3) the date the charged crime occurred; (4) a written statement comprising of the essential facts of the charged crime; and (5) Kent County, Delaware, the location where the crimes allegedly occurred.).

5

*State v. Gregory L. Hixon*
Case No. 1808018837
May 23, 2019

provide Defendant with the additional information requested. Thus, Defendant's motion for a bill of particulars is hereby **DENIED**.

IT IS SO ORDERED.

_____

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:   Prothonotary
cc:   Lindsay A. Taylor, Esquire
       Edward C. Gill, Esquire